THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY THOMAS, | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) No. 23 C 13311 ) |
| | ) Chief Judge Virginia M. Kendall |
| ILLINOIS CENTRAL RAILROAD CO., | ) ) |
| *Defendant.* | ) |

**OPINION AND ORDER**

Plaintiff Larry Thomas sued his former employer Illinois Central Railroad Co. ("Illinois Central"), alleging negligence pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, et seq. (Dkt. 1). Illinois Central now moves to transfer venue to the Northern District of Indiana, Hammond Division, under 28 U.S.C. § 1404(a). (Dkt. 18). Thomas objects to Illinois Central's Motion. (Dkt. 21). For the reasons below, Illinois Central's Motion to Transfer [18] is granted.

**BACKGROUND**

Illinois Central is a corporation headquartered in Illinois. (Dkt. 1 ¶ 5; Dkt. 21 at 1). On June 17, 2022, Thomas, an Indiana resident, was employed by Illinois Central, as a track worker and machine operator. (Dkt. 1 ¶ 3; Dkt. 18 at 1). On June 17, 2022, while working at Illinois Central's Kirk Yard, Thomas alleges that he was ordered to pick up a piece of heavy equipment called a "rail roller." (Dkt. 1 ¶ 9). Thomas claims that the rail roller was defective because the handle was broken and lifting it caused him to seriously injure his lower back. (*Id.*)

Thomas filed suit against Illinois Central to recover for injuries allegedly suffered as a result of lifting the defective rail roller; Thomas contends that Illinois Central's negligence was

1

the cause of his injuries. (*Id.* at ¶ 10–11). Illinois Central moves to transfer the case to the Northern District of Indiana, Hammond Division. (Dkt. 18).

## DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a); *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 707 (7th Cir. 2020). The Court may, in its discretion, transfer the case to another district if: "(1) venue is proper in the transferor district; (2) venue is proper in the transferee district; (3) the transfer will serve the convenience of the parties and witnesses; and (4) the transfer will serve the interests of justice." *Hanover Ins. Co. v. N. Bldg. Co.*, 891 F. Supp. 2d 1019, 1025 (N.D. Ill. 2012); *see also Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977–78 (7th Cir. 2010).

The parties do not dispute the appropriateness of venue in this District or in the Northern District of Indiana, Hammond Division. Accordingly, the Court turns to convenience and the interests of justice, which favor transfer.

"In evaluating the convenience of the parties and witnesses, courts weigh the following factors: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums." *Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 930 (N.D. Ill. 2017) (quotations and citation omitted). Illinois Central "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). Moreover, "[w]hen deciding a motion to transfer venue, the court must accept as true all of plaintiff's well-pleaded facts in the complaint, unless contradicted by affidavits or other appropriate evidence from

the defendant." *Crothall Laundry Servs., Inc. v. OSF Health Care Sys.*, 2018 WL 1695364, at *4 (N.D. Ill. 2018) (collecting cases) (quotations omitted); *Williams v. State Farm Mut. Auto. Ins. Co.*, 2023 WL 4106067, at *7 (ND. Ill. 2023) (same). Considering the five factors together, the Court concludes that Illinois Central has met its burden.

  I.  **Plaintiff's Choice of Forum**

We begin by evaluating the deference owed to Thomas's choice of venue, as Plaintiff. Because Thomas does not reside in the Northern District of Illinois, the Court's owes Thomas "substantially reduced" deference. *Pryor v. United Air Lines, Inc.*, 2013 WL 4506879, at *6 (N.D. Ill. 2013) (collecting cases); *C. Int'l, Inc. v. Turner Const. Co.*, 2005 WL 2171178, at *1 (N.D. Ill. 2005) ("Where the plaintiff does not reside in the chosen forum, the plaintiff's choice of forum is still accorded some weight, but not as much as otherwise."). Thomas resides in Merrillville, Indiana which is within the Northern District of Indiana, Hammond Division. *Id.*; *see also C. Int'l, Inc.*, 2005 WL 2171178, at *2 (acknowledging that when some of a case's operative facts related to Illinois, it allowed plaintiff's choice of forum to have significant weight, "but not as much as when the plaintiff is located in the forum as well").

Furthermore, "a plaintiff's choice of forum is afforded less deference when another forum has a stronger relationship to the dispute or when the forum of plaintiff's choice has no connection to the material events." *Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731, 735 (N.D. Ill. 2007) (citing *Chi., Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955)).

Here, the location of Illinois Central's headquarters is the only connection to Illinois. The alleged injury and the machinery that caused the injury are located within the Northern District of Indiana, Hammond Division. Thomas, however, contends that the location of Illinois Central's corporate headquarters should persuade the Court to deny Illinois Central's Motion. To support

3

his position, Thomas cites *Lewis v. Grote Industries, Inc.*, 841 F. Supp. 2d 1049 (N.D. Ill. 2012) and *Hecker v. Petco Animal Supplies*, WL 2461546 (N.D. Ill. 2017).

The facts in *Lewis* and *Hecker* differ significantly from this case. In *Lewis*, the Court transferred the patent infringement case to the Southern District of Indiana, prioritizing the convenience of both party and non-party witnesses, rather than simply prioritizing the defendant's headquarters. *Lewis*, 841 F. Supp. 2d at 1054–1055. While the *Lewis* case favored transferring the case to the defendant's headquarters for the convenience of witnesses, the Northern District of Indiana, Hammond division would be more convenient for a majority of the parties in this case.

Similarly, in *Hecker*, the Court granted the defendant corporation's motion to transfer the case to the Southern District of California, where its headquarters was located, because it was deemed more likely to hold relevant documents and be the location of key decision-making. *Hecker*, 2017 WL 2461546 at *5. Unlike in *Hecker* where the lawsuit was based on events in another district, here, the lawsuit stems from an incident in Gary, Indiana, and the relevant machinery that caused the alleged injury is also located in Gary, Indiana which is served by the Northern District of Indiana, Hammond Division. Accordingly factor one favors transfer.

## II.  Situs of Material Facts and Ease of Access to Sources of Proof

Factors two and three also favor transferring the case. Illinois Central argues that most of the sources of proof, including the scene of the incident and the rail roller are located in Indiana. Thomas failed to provide any persuasive arguments for factors two and three; despite this, these factors favor transfer. Because the event material to the instant lawsuit occurred in Indiana and the equipment that allegedly caused Thomas's injury is in Indiana, these facts weigh in favor of transferring the case.

**III. Convenience of the Parties**

The fourth factor also favors transferring the case. The Court considers the parties' respective residences and their ability to bear the costs of litigating in a particular forum. *Avesta Sheffield v. Olympic Cont'l Res., L.L.C.*, No. 99 C 7647, 2000 WL 198462, at *7 (N.D. Ill. Feb.14, 2000). Thomas resides in the Northern District of Indiana. Illinois Central is located in the Northern District of Illinois. Thomas has not indicated why it would be inconvenient for him to litigate in the Northern District of Indiana, Hammond Division, his home forum. Further, while the Court assumes Illinois Central is able to bear litigation costs, it is reasonable to conclude litigating in the Northern District of Indiana would be less expensive for Thomas, given that it's within his home forum and would allow him to be closer to site of the alleged injury, Kirk Yard, and the Northern District of Indiana, Hammon Division courthouse.

**IV. Convenience of the Witnesses**

The convenience of witnesses is "the most important factor in the transfer analysis." *Bland v. Edward D. Jones & Co., L.P.,* WL 702795, at *10 (N.D. Ill. 2020). The moving party "must clearly specify the key witnesses to be called and include a generalized statement about what their testimony will include." *Crothall Laundry Servs.*, WL 1695364, at *8 (N.D. Ill. 2018).

Here, Illinois Central presents persuasive arguments that transferring the case would be more convenient to both party and non-party witnesses. Illinois Central identifies four party witnesses: Larry Thomas, and three of Illinois Central's employees. The residence of the three Illinois Central employee witnesses is unknown, but all three employees work at Kirk Yard located in Gary, Indiana. It would, therefore, be more convenient for these party witnesses if the Court granted the transfer. Thomas does not identify any party witnesses.

Courts consider convenience of non-party witnesses more heavily than party witnesses and their employees, "since party witnesses normally must appear voluntarily as part of their

5

employment." *Rosen v. Spirit Airlines, Inc.*, 152 F. Supp. 3d 1055, 1061 (N.D. Ill. 2015). Illinois Central also identifies one non-party witness: Dr. Raphale Albert. Albert is Thomas's family doctor and can speak to Thomas's condition and injury (Dkt. 19-1 at 114). Albert resides in Merrillville, Indiana, within the Northern District of Indiana, Hammond Division (Dkt. 19 at 3). Of the four non-party witnesses that the parties plan to call, only one reportedly resides within this District, while the rest reside within the Northern District of Indiana, Hammond Division. Because the Northern District of Indiana, Hammond Division is closer to their residences and employers, it would be more convenient and less expensive for the majority of the non-party witnesses to appear in the Northern District of Indiana, Hammond Division, as opposed to here. Accordingly, the convenience of witnesses factor tips in favor of transfer.

## V.     Interests of Justice

The Court considers (1) the relationship of the community to the controversy and respective desirability of resolving controversies in each locale; (2) each court's familiarity with applicable law; and (3) the congestion of the respective dockets and prospects of earlier trial. *Rsch Automation*, 626 F.3d at 978. The second factor is neutral, since both districts are equally familiar with the federal law at issue. The Court will therefore consider the first and third factors.

The first factor weighs in favor of transfer. The accident occurred at Central Illinois's railroad yard, Kirk Yard, within the Northern District of Indiana. The residents of the Northern District of Indiana have a strong interest in ensuring the safety of employees at Kirk Yard. In Contrast, the residents of the Northern District of Illinois have little connection to this case. Thus, this factor favors transfer.

The last factor also tips in favor of transfer. On average a judge in the Northern District of Illinois has more pending cases than in the Northern District of Indiana. *See* Federal Court Management Statistics (March 31, 2024), available at https://www.uscourts.gov/datanews/

datatables/2024/03/31/federal-court-managementstatistics/n-a-1 (reporting that as of March 31, 2024, an average judge in the Northern District of Illinois had 969 pending cases, while judges in the Northern District of Indiana had an average of 494 pending cases). Further, in Indiana, civil cases proceed to trial marginally faster. *See* Federal Court Management Statistics (March 31, 2024), available at https://www.uscourts.gov/data-news/data-tables/2024/03/31/federal-court-management-statistics/n-a-1 (reporting that for the 12-month period ending March 31, 2024, the median time for civil cases to proceed from filing to trial in the Northern District of Illinois was 55.4 months; this figure was 50.3 months in the Northern District of Indiana for the 12-month period ending March 31, 2023). Taken together, the interests of Justice support transferring the case to the Northern District of Indiana, Hammond Division.

## CONCLUSION

For the reasons above, the Court grants Illinois Central's Motion to Transfer Venue [18] and directs the Clerk to transfer the case to the Northern District of Indiana, Hammond Division under 28 U.S.C. § 1404(a) for all further proceedings forthwith.

_____
Virginia M. Kendall
United States District Judge

Date: June 9, 2025